UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FRANK DAVID NOYES JORDAN,

          Plaintiff,

v.                                        Case No. 21-cv-0095-bhl

CO LANSER, et al.,

          Defendants.

## DECISION AND ORDER

      Plaintiff Frank David Noyes Jordan, who was incarcerated at the Brown County Jail when he filed his complaint, is representing himself in this 42 U.S.C. §1983 case. Jordan filed his complaint in the Western District of Wisconsin, but, at Defendants' request, the case was transferred to this district. Prior to the transfer, Jordan notified the Court by telephone that he had been released from custody, and he provided the Court with his new contact information. Following the transfer to this district, the case was assigned to Magistrate Judge William Duffin, and on February 1, 2021, he entered a scheduling order setting a discovery deadline of July 1, 2021, and a dispositive motion deadline of August 2, 2021. Shortly thereafter, on February 12, 2021, the case was reassigned to a district court judge because the parties did not consent to magistrate judge jurisdiction.

      On June 10, 2021, Defendants filed a motion to dismiss based on Jordan's failure to prosecute or in the alternative to extend the dispositive motion deadline. Dkt. No. 30. Defendants explain that, on April 27, 2021, they served discovery requests on Jordan by mailing them to the address Jordan had provided. The requests were returned to them as undeliverable on May 10,

2021.  A handwritten note on the envelope stated, "Stop leaving mail for this person.  Does not live here!!"  Dkt. No. 32-2.  Defendants assert that "[i]nformation from plaintiff's responses to discovery is relevant and necessary for the defendants' defenses and is needed to file a motion for summary judgment."  Dkt. No. 31 at 3.

On October 1, 2020, Jordan was instructed to keep the Court informed of his new address in the event of his transfer or release from custody.  Dkt. No. 11.  The Court warned, "If he fails to do this and defendants or the court are unable to locate him, his case may be dismissed for failure to prosecute."  *Id.*  On February 1, 2021, the Court again advised Jordan "that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution."  Dkt. No. 27 at 2.  The Court explained that "Jordan's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice."  *Id.*

Despite these warnings, Jordan has not notified the Court or Defendants of how to contact him, suggesting that he is no longer interested in pursuing this case.  Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal for failure to prosecute an action or to comply with Court orders.  Jordan's failure to comply with the Court's orders that he notify the Court of any change in his address has stalled the litigation of this case.  Typically, before dismissing a case for failure to prosecute, the Court would give a plaintiff the opportunity to show cause why the case should not be dismissed, but doing so in this case would be futile because the Court does not know how to contact Jordan.  Plaintiffs "may not hide behind a court's inability to warn them of impending dismissal when their own actions make such a warning impossible."  *In re Ericson*, 175 F. App'x 58, 60 (7th Cir. 2006).  The Court is satisfied that dismissing this case is appropriate.

**IT IS THEREFORE ORDERED** that Defendants' motion to dismiss for failure to prosecute (Dkt. No. 30) is **GRANTED**. This case is **DISMISSED** and the Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 11th day of June, 2021.

BY THE COURT:

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge